OPINION
The defendant, Daniel A. Nolan, along with three co-defendants, Jesse Wilson, John McCoy, and Matthew Wiley, was tried by jury in the Court of Common Pleas of Clark County, and found guilty of felonious assault, and from the judgment and sentence thereupon entered in the trial court, Nolan has perfected an appeal to this court. The appeal is here pursuant to a motion for a delayed appeal granted on April 15, 1999.
In the trial court, the case presented by the prosecution was based essentially upon facts which disclosed that a group of teenagers, including the defendant, used fists, feet, and bottles to injure seriously a thirty-four year old marine, Michael White, who was the victim of the alleged felonious assault. According to the State's witnesses, Nolan initiated the melee by swinging at White, after which Nolan's friend, John McCoy, hit White in the head with a beer bottle. Then, other friends of Nolan and McCoy converged upon White while hitting and kicking him.
Under the defense version of events, White was the belligerent party, hitting Nolan twice before a juvenile, Timothy Grigsby, hit White with his fist. Then, Nolan and White proceeded to have a fistfight that lasted about twenty to thirty seconds.
The evidence, as a whole, is impressed with considerable conflict, but such evidence is also readily susceptible to a reasonable finding that all of the young people who assailed White, including Nolan, played some role in the escapade which resulted in White's injuries on that early summer morning in 1997.See, State v. McCoy (Dec. 11, 1998), Clark App. No. 98-CA-24, unreported, where this court previously held that the judgment against McCoy was not against the weight of the evidence.
In this appeal, the appellant has set forth two assignments of error, the first of which has been stated as follows:
 THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29 BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A FELONIOUS ASSAULT CONVICTION.
In support of the alleged error, the appellant argues that his participation in the fray, which occurred on July 13, 1997, at about 1:00 a.m., was not sufficient to prove that he knowingly caused serious physical harm to another, as required by R.C.2903.11(A)(1). However, this contention tends to overlook the law correctly stated in the instructions of the trial court as follows:
 Evidence has been presented that a defendant may have acted in concert with one another in committing this offense charged in the indictment. When two or more persons have a common purpose to commit a crime and one does one part and another performs another part, both are equally guilty of the offense.
 One who purposely aids, helps, or assists another to commit a crime is regarded by law as an accomplice to that offense and is guilty of the offense as if he were the principal offender.
At the trial, the appellant made no objection or suggestion relative to the instructions of the trial court, as required by Crim.R. 30(A), and the charge as given comports with the evidence presented in this case. In fact, the jury may have encountered some difficulty from the evidence in determining which of the defendants was the most effective aggressor, but there appears to be no doubt that the concerted actions of all of the defendants produced "serious physical harm to another." In our opinion, therefore, the record supports the indictment, and the first assignment of error is overruled.
The second assignment of error has been submitted as follows:
 THE COURT ERRED IN ALLOWING THE STATE OF OHIO TO ENTER INTO EVIDENCE EXTRINSIC EVIDENCE OF A REBUTTAL WITNESS' PRIOR INCONSISTENT STATEMENT.
At the trial, a co-defendant, John McCoy, testified in his own defense that he did not hit White in the head with a beer bottle, as stated by prosecution witnesses, and in rebuttal, the State called Sarah Rohr, who had been present at the time of the alleged felonious assault. Rohr had previously testified at a juvenile court hearing that McCoy hit White with a bottle "when Danny was on top of him", but at the trial of McCoy and Nolan, she denied that she had made the statement. At that point, the trial court allowed the prosecution, over objection, to introduce evidence of Rohr's prior inconsistent statement from the Juvenile Court hearing.
Understandably, Sarah Rohr, who was apparently Daniel Nolan's girlfriend, might want to change her testimony that Danny was on top of White, but Evid.R. 607(A) provides that a party may impeach the credibility of its own witness by means of a prior inconsistent statement upon a showing of "surprise and affirmative damage".
Ordinarily, "surprise", under Evid.R. 607(A), can be shown if the testimony is materially inconsistent with a prior written statement and counsel did not have reason to believe that the witness would recant. State v. Stearnes (1982), 7 Ohio App.3d 11,15. And "affirmative damage" is established when the witness testifies to facts which contradict, deny, or harm the trial position of the party calling the witness. Ferguson Realtors v.Butts (1987), 37 Ohio App.3d 30, 33.
In the present case, and in view of Rohr's role as a prosecution rebuttal witness, her denial of her previous sworn testimony at the juvenile court hearing probably did come as a surprise, and such inconsistency probably also caused affirmative damage by disrupting the theme and theory of the prosecution's case. But in any event, the determination of whether the inconsistent statement caused surprise and affirmative damage is a matter ordinarily committed to the discretionary authority of the trial court. See, State v. Blair (1986), 34 Ohio App.3d 6, 9. Furthermore, this court has also noted that Rohr's previous comment that "Danny was on top of him" was cumulative in nature and substantially diluted by other evidence that Danny was one of the principals in the fight that caused White's injuries. Hence, it is doubtful that such statement alone had any critical bearing upon the outcome of the case. Accordingly, the second assignment of error is overruled.
Finding neither of the alleged errors to be well made, the judgment of the Common Pleas Court will be affirmed.
WOLFF, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).